In re Elisha HEPBURN, Debtor.

Bankruptcy No. 88–00281–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

March 3, 1988.

Bruce N. Crown, Miami, Fla., for debtor.

Robert L. Roth, Miami, Fla., trustee.

David Bird, Miami, Fla., Asst. U.S. trustee.

## ORDER DIRECTING REFUND OF FEE PAID TO DEBTOR'S ATTORNEY AND DISMISSING CASE WITH PREJUDICE

THOMAS C. BRITTON, Chief Judge.

This chapter 13 petition was filed January 28 by a debtor who acknowledges that he has no income from any source. Neither the debtor nor his attorney appeared at the creditors meeting held March 2, nor at the confirmation hearing held later the same day. The chapter 13 trustee was informed that the debtor consented to dismissal of the petition. Only an individual "with regular income" is permitted to file under Chapter 13. 11 U.S.C. § 109(e).

The debtor's attorney, Bruce N. Crown of Miami has reported that he charged and received $750 for his representation of the debtor in this matter. The circumstances before me make it obvious that this attorney's representation of this debtor was so grossly negligent that he should not be permitted to retain any compensation, or that this attorney received payment for a deliberate abuse of the privilege provided by chapter 13, which enabled this debtor, who is 16 months in arrears on his home mortgage, to take advantage of the automatic stay, § 362(a), to delay that creditor (the only creditor scheduled in this bankruptcy) 54 days.

If this attorney's conduct was prompted by the latter reason, he should be subjected to a sufficient sanction under B.R. 9011

(which incorporates the provisions Rule 11, Fed.R.Civ.P.) to assure that he never again engages in such conduct.

Pursuant to the provisions of 11 U.S.C. § 329(b) and § 105(a), Bruce N. Crown is ordered to return $750 to the debtor forthwith and judgment in that sum is entered against the attorney in that amount, for which let execution issue.

Mr. Crown is further ordered to file with this court within 10 days his certificate that the foregoing refund has been effected.

This bankruptcy case is dismissed, reserving jurisdiction solely to enforce the terms of the foregoing order. Dismissal is with prejudice to the filing of any bankruptcy petition by this debtor earlier than one year after this order becomes final.